UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-8223-KK-AGRx** | | Date: | January 16, 2024 |
|---|---|---|---|---|

| Title: | *Miguel Esparza v. Gen Digital Inc.* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (In Chambers) Order GRANTING Defendant's Motion to Dismiss [Dkt. 11]**

**I.
INTRODUCTION**

On May 2, 2023, plaintiff Miguel Esparza ("Plaintiff") filed a class action Complaint in Los Angeles Superior Court against defendant Gen Digital Inc. ("Defendant").  ECF Docket No. ("Dkt.") 1-1.  The action was removed to this Court on September 29, 2023 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and is currently proceeding on Plaintiff's First Amended Complaint ("FAC").  Dkt. 1-2.

On November 9, 2023, Defendant filed a Motion to Dismiss ("Motion").  Dkt. 11.  The Court finds the Motion appropriate for resolution without oral argument.  See FED. R. CIV. P. 78(b); L.R. 7-15.  For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED** and the First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.[1]

---

[1] On November 27, 2023, Plaintiff filed a Request for Judicial Notice concurrently with his Opposition.  Dkt. 14.  On December 22, 2023, Defendant filed a Request for Judicial Notice concurrently with its Reply.  Dkt. 16.  In light of this order, both parties' Requests for Judicial Notice are **DENIED** as **MOOT**.

## II.
## RELEVANT BACKGROUND

The instant action arises out of an alleged privacy breach in which Plaintiff claims Defendant, a cybersecurity software company, secretly enabled and allowed a third-party software company to wiretap and eavesdrop on the private conversations of Plaintiff and other similarly situated individuals.  See FAC.

"Within the last year," Plaintiff visited Defendant's website via his smart phone.  Id. ¶ 23. While using his smart phone, Plaintiff "conducted a brief conversation with an agent of Defendant through the website chat feature."  Id. ¶ 4.  Plaintiff describes his smart phone as a "cellular telephone with integrated computers to enable web browsing."  Id. ¶ 23.

Defendant allows a third-party spyware company ("Third-Party Spyware Company") to embed code into the chat feature of Defendant's website.  Id. ¶ 15.  This code "automatically acquires and transmits user chat communications" to the Third-Party Spyware Company "without any active input" from either Defendant's or the Third-Party Spyware Company's employees, agents, or human representatives.  Id. ¶ 16.  Additionally, the Third-Party Spyware Company acquires chat communications by website visitors and reroutes them to computer servers it owns, controls, and maintains.  Id.  This allows the Third-Party Spyware Company to "secretly intercept in real time, eavesdrop upon, and store transcripts" of private and personal chat communications.  Id.

The Third-Party Spyware Company's software is "integrated" with Facebook, WhatsApp, and other subsidiaries of Meta, Inc. and can be best described by a four-step framework.  See id. ¶ 18.  First, Meta identifies the interests of its users by monitoring a collection of its "offsite" activity, including private chat communications between Defendant and visitors.  Id. ¶ 19.  Second, Defendant "secretly" installs the Facebook "pixel" software on its website, a tool widely regarded as spyware, that allows both Defendant and Meta/Facebook to track activities on Defendant's website, including interaction with the chat feature.  Id.  Third, Meta then generates revenue by selling targeted advertising space by using this information to identify offsite user interests.  Id.  Fourth, as a result, Facebook and WhatsApp send many targeted advertisements to visitors of Defendant's website based on its website visits and interactions.  Id.  Through these acts, Meta's subsidiary, Kustomer Inc., allows Defendant and others to use chat data from their support centers to re-engage dissatisfied customers.  Id. ¶ 20.  "According to Bloomberg.com, this is all part of Meta's secret 'plan to profit from private chats.'"  Id. ¶ 18.

Data obtained through the website chat feature is valuable because it provides customer insight, which in turn facilitates effective targeted advertising.  Id. ¶¶ 13, 20.  Additionally, chat communications from Defendant's websites are transmitted to website visitors by either cellular or landline telephones.  Id. ¶ 24.

Thus, the Third-Party Spyware Company "does more than merely provide a storage function for Defendant regarding [w]ebsite users' chat communications with Defendant."  Id. ¶ 21.  Rather, the Third-Party Spyware Company uses its record of users' interactions with Defendant's chat feature for data analytics and marketing and advertising to consumers.  Id.

Defendant failed to disclose to Plaintiff it was permitting the Third-Party Spyware Company to receive the communications at issue or that the Third-Party Spyware Company provided user data

to Meta through an integration with Meta software.  Id. ¶ 25.  Defendant similarly did not obtain the express or implied consent of Plaintiff or any similarly situated individuals as to the conduct at issue, and none of these persons knew about the conduct.  Id. ¶ 26.

Based on these allegations, the Complaint asserts the following claims:

(1) First Cause of Action: Violation of the California Invasion of Privacy Act ("CIPA") California Penal Code § 631(a) ("Section 631(a)");
(2) Second Cause of Action: Violation of CIPA California Penal Code § 632.7 ("Section 632.7");
(3) Third Cause of Action: California Invasion of Privacy; and
(4) Fourth Cause of Action: Intrusion Upon Seclusion.

Id. at 9-15.

On November 9, 2023, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing Plaintiff fails to state a claim for any cause of action.  Dkt. 11 at 9-17.  On November 27, 2023, Plaintiff filed an Opposition to the Motion to Dismiss.  Dkt. 14.  On December 22, 2023, Defendant filed a Reply.  Dkt. 16.  The matter thus stands submitted.

## III.
## LEGAL STANDARD

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must "construe the pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor.  Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022).  The court, however, need not accept as true "a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

A court should freely grant leave to amend a complaint dismissed for failure to state a claim. FED. R. CIV. P. 15(a)(2); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).  The court may dismiss without leave to amend, however, "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies."  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).

# IV.
# DISCUSSION

**A.**   **PLAINTIFF'S FIRST CAUSE OF ACTION UNDER CALIFORNIA PENAL CODE SECTION 631(a) FAILS TO STATE A CLAIM**

**1.**   **APPLICABLE LAW**

California Penal Code Section 631(a) penalizes:

"Any person who, by means of any machine, instrument, or contrivance, or in any other manner . . .

(1) intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, capable or instrument of any internal telephone communication system, or

(2) who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state, or

(3) who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or

(4) who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above[.]"

(line breaks added).

**2.**   **ANALYSIS**

As an initial matter, it is unclear what Section 631(a) clauses Plaintiff is alleging Defendant violated.[2]  However, to the extent Plaintiff is alleging Defendant violated all four clauses of Section 631(a), the Court finds these claims are insufficiently pled.

With respect to the first clause, "only communications that are made over a 'wire, line, or cable'" are protected.  In re Google Assistant Priv. Litig., 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (citing Section 631(a)).  Additionally, because Section 631(a) concerns telephonic wiretapping, it does "not apply to the context of the internet[.]"  Williams v. What If Holdings, LLC, No. C 22-03780-WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022).  Here, Plaintiff does not allege he accessed Defendant's website telephonically nor does Plaintiff allege he communicated with

---

[2] In the FAC, Plaintiff alleges "Defendant violates the third [clause][,]" but nonetheless mentions the elements of the other clauses.  See FAC ¶ 34.  Additionally, in his Opposition to the instant Motion, Plaintiff argues Defendant "violated the second and third clauses" of Section 631(a). Dkt. 14.  Plaintiff is reminded the Court will only consider claims raised in the operative complaint. See FED. R. CIV. P. 12(b)(6).  If Plaintiff chooses to file an amended complaint, he shall clearly state what claims he is pursuing and identify the specific statute when applicable.

Defendant's agent telephonically.  Instead, Plaintiff alleges he used his smart phone – which he describes as having "integrated computers to enable web browsing" – to visit Defendant's website and to subsequently "conduct[] a brief conversation with an agent of Defendant" via the website chat feature.  FAC ¶¶ 4, 23.  This allegation alone is insufficient as using a smart phone's web browser does not constitute a telephonic communication under the first clause of Section 631(a).  See Valenzuela v. Super Bright LEDS Inc., No. CV 23-1148-JAK-SPx, 2023 WL 8424472, at *4 (C.D. Cal. Nov. 27, 2023) (finding plaintiff failed to state a claim under the first clause of Section 631(a) because plaintiff used her smart phone's web browser to communicate with defendant and did not allege she accessed defendant's website telephonically); see also Valenzuela v. Nationwide Mut. Ins. Co., No. CV 22-6177-MEMF-SKx, 2023 WL 5266033, at *8 (C.D. Cal. Aug. 14, 2023) (finding plaintiff "attempt[ed] to circumvent the requirements of the first clause [of Section 631(a)] by pointing out she accessed [defendant's website] via her smart phone").  Because Plaintiff fails to allege any telephonic communications between him, Defendant, or Defendant's agent, Plaintiff thus fails to satisfy the first clause of Section 631(a).

With respect to the second clause, a plaintiff must allege the defendant "read or learned the contents of a communication while the communication was in transit, or in the process of being sent or received."  Super Bright LEDS Inc., 2023 WL 8424472, at *8 (quoting Mastel v. Miniclip SA, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021)); see 631(a); see also Licea v. Cinmar, LLC, 659 F. Supp. 3d 1096, 1109 (C.D. Cal 2023).  Additionally, the communication "must be acquired during transmission, not while [they are] in electronic storage."  Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 878 (9th Cir. 2002) (interpreting the "in transit" language of the Wiretap Act as requiring interception during the communication's transmission and not during electronic storage); see also NovelPoster v. Javitch Canfield Grp., 140 F. Supp. 3d 938, 954 (N.D. Cal. 2024) (applying Konop in the context of a CIPA claim and subsequently dismissing claim where there was no Wiretap Act "interception").  Here, while Plaintiff alleges Defendant's code is embedded into the chat feature of Defendant's website and the code "automatically acquires and transmits" communications "without any active input" from humans, FAC ¶¶ 15-16, Plaintiff fails to allege specific facts about what was intercepted, when the interception took place, and how the interception took place.  See Super Bright LEDS Inc., 2023 WL 8424472, at *10 (finding plaintiff inadequately alleged a claim under the second clause of Section 631(a) because plaintiff failed to allege "specific facts about what was intercepted and when or how the interception took place").  Additionally, Plaintiff has merely restated the pleading requirement of real time interception which is insufficient to state a claim.  See Keurig Green Mountain, Inc., 2023 WL 3707181, at *5 (N.D. Cal. May 24, 2023) (finding plaintiff failed to state a claim under the second clause of Section 631(a) because plaintiff did "little more than restate the pleading requirement of real time interception"); see also Rodriguez v. Google LLC, No. 20 CV-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) (finding "[u]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [someone] is intercepting [the plaintiff's] data in transit").  Because Plaintiff has failed to adequately allege any specific facts related to the alleged interception, Plaintiff thus fails to satisfy the second clause of Section 631(a).

With respect to the third clause, a plaintiff alleging a CIPA violation "must establish that the information at issue . . . was obtained through a violation of the first or second clauses [of Section 631(a)]."  Google Assistant, 457 F. Supp. 3d at 827.  Because Plaintiff has failed to adequately allege a violation under the first or second clauses of Section 631(a), the allegations as to this clause are also insufficient.

With respect to the fourth clause, a plaintiff alleging a CIPA violation must adequately allege a violation under one of the first three clauses of Section 631(a).  See Super Bright LEDS Inc., 2023 WL 8424472, at *11.  Because Plaintiff has failed to adequately allege a violation under the first three clauses of Section 631(a), the allegations as to this clause are also insufficient.

The Court, therefore, finds Plaintiff has failed to adequately plead his Section 631(a) claim under the four clauses.  Accordingly, Cause of Action One is **DISMISSED.**

## B.  PLAINTIFF'S SECOND CAUSE OF ACTION UNDER CALIFORNIA PENAL CODE SECTION 632.7 FAILS TO STATE A CLAIM

### 1.   APPLICABLE LAW

California Penal Code Section 632.7 provides "[e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between (1) two cellular radio telephones, (2) a cellular radio telephone and a landline telephone, (3) two cordless telephones, (4) a cordless telephone and a landline telephone, or (5) a cordless telephone and a cellular radio telephone, shall be [guilty of a crime]."

### 2.   ANALYSIS

The Court finds Plaintiff has failed to state a claim under Section 632.7.  Plaintiff concedes he visited Defendant's website via his smart phone which contained an "integrated computer[]" system, FAC ¶ 23.  However, smart phones do not fall within the scope of the five categories of Section 632.7.  Licea, LLC, 659 F. Supp. 3d at 1112-13 (finding smart phones with an integrated computer system were outside the scope of Section 632.7, and thus, plaintiff failed to plausibly allege a claim).  Plaintiff's Section 632.7 claim, thus, fails.[3]

The Court, therefore, finds Plaintiff has failed to allege a claim under Section 632.7.  Accordingly, Cause of Action Two is **DISMISSED.**

## C.  PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION FOR INVASION OF PRIVACY AND INTRUSION UPON SECLUSION FAIL TO STATE A CLAIM

### 1.   APPLICABLE LAW

To state a claim for an invasion of privacy under the California Constitution, a plaintiff must show "(1) they possess a legally protected privacy interest, (2) they maintain a reasonable expectation of privacy, and (3) the intrusion is so serious as to constitute an egregious breach of the social norms

---

[3] Plaintiff only mentions using a smart phone to communicate with Defendant generally and only conclusory pleads he, similarly situated individuals, and Defendant communicated "via telephony subject to the mandates and prohibitions of Section 632.7" under this cause of action. FAC ¶ 45-47.  The Court finds "telephony" insufficient to plead a claim under this cause of action, and orders any amended complaint attempting to plead a cause of action under § 632.7 by Plaintiff to specify which of the five categories he seeks to bring such claim.

such that the breach is highly offensive." In re Facebook, Inc. Internet Tracking Litig., 956 F.3d 589, 601 (9th Cir. 2020) (internal quotations omitted).

"To state a claim for intrusion upon seclusion under California common law, a plaintiff must plead that (1) a defendant intentionally intruded into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy, and (2) the intrusion occurred in a manner highly offensive to a reasonable person." Id. (internal quotations and brackets omitted).

"Because of the similarity of the tests, courts consider the claims together and ask whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." Id.

With respect to the second factor, "[t]he California Constitution sets a high standard for intrusion." Williams v. DDR Media, LLC, No. 22 CV-03789-SI, 2023 WL 5352896, at *6 (N.D. Cal. Aug. 18, 2023). The analysis of this element "focuses on the degree to which the intrusion is unacceptable as a matter of public policy." In re Facebook, Inc. Internet Tracking Litig., 956 F.3d at 606. As such, the analysis "requires a holistic consideration of factors such as the likelihood of serious harm to the victim, the degree and setting of the intrusion, the intruder's motives and objectives, and whether countervailing interests or social norms render the intrusion inoffensive." Id.; see also Hernandez v. Hillsides, Inc., 47 Cal. 4th 272, 286 (2009).

## 2.     ANALYSIS

As an initial matter, the Court finds – and the parties do not dispute – Plaintiff has sufficiently pled a reasonable expectation of privacy. However, Plaintiff fails to demonstrate Defendant's alleged acts were highly offensive. For example, Plaintiff conclusorily states "Defendant's actions were highly offensive to all reasonable persons[,]" FAC ¶ 61, but fails to explain what actions were highly offensive, when those actions took place, and why they were offensive. Likewise, Plaintiff states "Defendant has acted with oppression, fraud, or malice[,]" FAC ¶ 65, but fails to explain what acts were oppressive, fraudulent, or malicious, when those actions took place, and why the acts are oppressive, fraudulent, or malicious. C.f. In re Facebook, Inc. Internet Tracking Litig., 956 F.3d at 606 (finding "[p]laintiff's allegations of surreptitious data collection when individuals were not using [Defendant's Website] [were] sufficient enough to survive a motion to dismiss action"). Because Plaintiff has failed to adequately allege Defendant's acts were highly offensive, Plaintiff thus fails to meet this high standard for intrusion.

The Court, therefore, finds Plaintiff has failed to allege a claim under the Third and Fourth Causes of Action. Accordingly, Plaintiff's Third and Fourth Causes of Action for Invasion of Privacy and Intrusion Upon Seclusion are **DISMISSED.**

## D.     PLAINTIFF IS GRANTED LEAVE TO AMEND HIS FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION

Leave to amend should be "freely given," Foman v. Davis, 371 U.S. 178, 182 (1962); see also FED. R. CIV. P. 15(a)(2), except where amendment "would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit," Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990). Here, the Court cannot conclude amendment would be futile because it is possible "allegation of other facts consistent with the challenged pleading could . . . cure the deficiency." Telesaurus VPC, 623 F.3d at 1003. Moreover, leave to amend would not prejudice

Defendant or produce undue delay.  Accordingly, Plaintiff's First, Second, Third, and Fourth Causes of Action are **DISMISSED WITH LEAVE TO AMEND**.

**V.**

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

If Plaintiff chooses to file an amended complaint, Plaintiff shall file a Second Amended Complaint **no later than January 30, 2024**. **Plaintiff is expressly warned that failure to timely file a Second Amended Complaint will result in this action being dismissed for failure to prosecute and comply with Court orders.**  <u>See</u> FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**